# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK BANKS**, | CIVIL ACTION NO. 1:13-CV-2909 |
| Plaintiff | (Chief Judge Conner) |
| v. | |
| **FEDERAL BUREAU OF INVESTIGATION**, *et al.*, | |
| Defendants | |

## ORDER

AND NOW, this 6th day of August, 2014, upon preliminary consideration of plaintiff's Bivens[1] complaint, in which he alleges that the named defendants have invaded his First Amendment right to privacy in conducting an illegal search of his residence (Doc. 1, at 1), and it appearing that, although he seeks to proceed *in forma pauperis* (Doc. 2) pursuant to 28 U.S.C. § 1915, the "three strikes" provision of the Prison Litigation Reform Act of 1996 ("PLRA"), codified at 28 U.S.C. § 1915, prohibits him from proceeding *in forma pauperis* because he has had at least three prior civil actions or appeals dismissed as frivolous, malicious, or for failing to state

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courses to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

a claim for which relief may be granted[2], and there is no Indiction that plaintiff "is under imminent serious physical injury," 28 U.S.C. § 1915(g) (setting forth the three strikes rule which provides that an inmate who has three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in forma pauperis "unless the prisoner is under imminent danger of serious physical injury"); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*), it is hereby ORDERED that:

1. Plaintiff's motion (Doc. 2) to proceed *in forma pauperis* is DENIED.

2. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915(g).[3]

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2]The court previously has taken judicial notice of the following actions filed by plaintiff that were dismissed as legally frivolous or for failure to state a claim upon which relief may be granted: Banks v. Pittsburgh Tribune Rev., No. 2:07–CV–00336 (W.D.Pa. May 4, 2007) (Lancaster, J.); Banks v. Dove, No. 1:06–CV–02289 (M.D.Pa. Jan. 16, 2007) (Conner, C.J.); Banks v. Hayward, No. 2:06–CV–01572 (W.D.Pa. Jan. 10, 2007) (Lancaster, J.); and Banks v. Hayward, No. 2:06–CV–00509 (W.D.Pa. May 30, 2006) (Lancaster, J.). See Banks v. Crockett, No. 1:07–CV–1019, 2007 WL 1655504, at *2 (M.D. Pa. June 7, 2007) (Conner, C.J.).

[3]On June 11, 2014, the court enjoined Banks from proceeding *in forma pauperis* as to all future civil actions for a period of one year. Banks v. Cessan, No. 1:14-cv-0955, 2014 WL 2604470, at *2 (M.D.Pa. June 11, 2014). The filing of this action predates the imposition of the injunction.